■ SUERICA MATTHEWS, an Infant, by Her Mother and Natural Guardian, JUDITH RODRIGUEZ, et al., Respondents, v ROBERT R. TOBIAS, Appellant, and 389 WOODBINE CORPORATION, Respondent. [688 NYS2d 677] —In an action to recover damages for personal injuries, etc., the defendant Robert R. Tobias appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated February 6, 1998, which denied his motion for summary judgment dismissing the complaint and cross claim insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and cross claim are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

On May 4, 1990, the defendant Robert R. Tobias sold the six-unit apartment building at issue to the codefendant 389 Woodbine Corporation (hereinafter Woodbine), after he had owned it for one and one-half years. Woodbine promptly made several improvements to the building, including extensive renovations and repainting in apartment 1R. On June 7, 1990, 34 days after Woodbine acquired the property, and after the completion of the foregoing improvements, the infant plaintiff, her mother, and her grandmother moved into apartment 1R. On July 3, 1990, or some 40 days later, the infant plaintiff was diagnosed with elevated levels of lead in her blood. That same month, the New York City Department of Health (hereinafter the DOH) found excessive lead in peeling paint in the building's hallways, but not in apartment 1R.

On these facts, the action against the former landlord must be dismissed. As a general rule, liability for dangerous conditions does not extend to a prior owner of the premises (*see, e.g., Bittrolff v Ho's Dev. Corp.,* 77 NY2d 896; *Mullen v Zoebe, Inc.,* 205 AD2d 597; *see also, Stevens v Northern Lights Assocs.,* 229 AD2d 1001). A narrow exception exists, however, and liability may be imposed where a dangerous condition existed at the time of the conveyance, and the new owner has not had a reasonable time to discover the condition if it was unknown, or to remedy the condition once it became known (*see, e.g., Bittrolff v Ho's Dev. Corp., supra; Fisher v Braun,* 227 AD2d 586; *Slomin*

*v Skaarland Constr. Corp.,* 207 AD2d 639; *Brown v O'Connor,* 193 AD2d 1088).

There is no evidence that Tobias either created a dangerous condition or concealed it from Woodbine (*see, Lanthier v Feroleto,* 237 AD2d 877; *O'Rourke v Sachel Hardware,* 178 AD2d 134; *Perez v City of New York,* 168 AD2d 227). Accordingly, Tobias is entitled to summary judgment dismissing the complaint and cross claim insofar as asserted against him (*see, Jackson v Endo Labs.,* 175 AD2d 798; *Camillery v Getty Ref. & Mktg. Co.,* 170 AD2d 567). S. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.