■ ARKADY ROTENBERG, Appellant, v IZYA FISHMAN, Respondent. [726 NYS2d 708] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Spodek, J.), dated March 21,

2000, which, upon an order of the same court dated February 15, 2000, granting the defendant's motion pursuant to CPLR 4404 to set aside a jury verdict finding him to be 65% at fault in the happening of the accident, dismissed the complaint.

Ordered that the plaintiff's notice of appeal from the order dated February 15, 2000, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

The plaintiff was injured when he lit a firecracker that he believed was a candle, and it exploded in his hand. He had found the firecracker in his apartment upon taking up residency there. The plaintiff commenced this action, alleging that the defendant was negligent for failing to recognize and remove the dangerous device while cleaning the apartment prior to the plaintiff's occupancy. Following a trial in which the jury found the defendant partly at fault, the trial court granted the defendant's motion pursuant to CPLR 4404 to set aside the verdict and to grant judgment in favor of the defendant dismissing the complaint.

Contrary to the plaintiff's contention, the defendant established that the verdict should be set aside and judgment entered as a matter of law in the defendant's favor since there was no valid line of reasoning and permissible inference which could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). The plaintiff failed, as a matter of law, to present any evidence that the defendant either created the condition which caused the injury or that he had actual or constructive notice thereof (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Castello v Bellport Liq. Store,* 273 AD2d 337; *Matthews v Tobias,* 260 AD2d 608). Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.