■ Paramjit Lal, Appellant, v Ching Po Ng, Respondent, et al., Defendant. [823 NYS2d 429]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated March 17, 2005, as granted the cross motion of the defendant Ching Po Ng for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 14, 2002 the plaintiff had been a tenant of the premises where the accident occurred for approximately six months, and the defendant Ching Po Ng had owned the premises for approximately two months. On that date, the plaintiff sat down on a concrete abutment adjoining the front steps of the premises. As he sat down, the abutment "came loose" and slipped, causing him to fall. At his examination before trial, the plaintiff claimed that he did not know for what period of time this abutment was loose, nor did he know if anyone made any complaints about the abutment. In his deposition testimony, Ching Po Ng stated that the outside of the premises "looked quite new to me," and that he was unaware of the alleged defect.

Ching Po Ng established his entitlement to judgment as a matter of law based upon evidence that he did not create the alleged dangerous condition or have actual or constructive notice of its existence (see Voss v D&C Parking, 299 AD2d 346 [2002]). The general rule is that "[t]o constitute constructive notice, the defect must be visible and apparent, and it must exist for a sufficient length of time before the accident to permit the defendant an opportunity to discover and remedy it . . . [C]onstructive notice will not be imputed where a defect is latent and would not be discoverable upon reasonable inspection" (Curiale v Sharrotts Woods, Inc., 9 AD3d 473, 475 [2004] [citations omitted]). Here, the evidence indicated that both the plaintiff and Ching Po Ng were unaware of the alleged defect, which was not discoverable by reasonable inspection.

In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert submitted in opposition to the motion, which was based on an examination of the accident site more than two years after the accident, was wholly conclusory and insufficient to raise a triable issue of fact as to whether the alleged defect was discoverable upon reasonable

inspection (*see Drillings v Beth Israel Med. Ctr.*, 200 AD2d 381 [1994]). A page of the affidavit describing the expert's inspection of the alleged defect was missing from the papers submitted to the Supreme Court and is not part of the record. There is no evidence that any specific statutory provision was violated (*see Chrisostomides v Berjas Realty Co.*, 231 AD2d 601, 602 [1996]).

Accordingly, the Supreme Court properly granted Ching Po Ng's cross motion for summary judgment. Crane, J.P., Goldstein, Rivera and Lifson, JJ., concur.