■ John Powell, Respondent, v Pamela Pasqualino et al., Appellants. [836 NYS2d 218]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated May 30, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when part of an exterior step abutting the den area of the defendants' home shattered as he walked over it, causing him to fall. The subject step consisted of slate tiles over a brick base. Prior to the accident, the slate tiles were neither broken nor cracked in any way, and the plaintiff had used the step several times—including on the day of the accident—without incident.

The defendants established their prima facie entitlement to judgment as a matter of law by showing that they did not create the alleged dangerous condition or have actual or constructive notice of its existence (*see Lal v Ching Po Ng,* 33 AD3d 668 [2006]; *Curiale v Sharrotts Woods, Inc.,* 9 AD3d 473, 475 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert failed to show, inter alia, that the step had been negligently constructed or maintained (*see Pena v Women's Outreach Network, Inc.,* 35 AD3d 104, 110-111 [2006]; *Lal v Ching Po Ng, supra*). Accordingly, the Supreme

Court should have granted the defendants' motion for summary judgment dismissing the complaint. Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.