■ JAQUELINE GONZALEZ, an Infant, by Her Mother and Natural Guardian, MARIA BETANCOURT, et al., Plaintiffs, v CURT REALTY LLP et al., Defendants and Third-Party Plaintiffs-Appellants. CITY OF NEW YORK et al., Third-Party Defendants-Respondents. [843 NYS2d 562]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 24, 2007, which, in an action for lead paint injuries allegedly sustained by infant plaintiff while residing in a building owned and managed by third-party plaintiffs (collectively landlord), and a third-party action by landlord alleging that the infant's injuries were sustained in a municipal park owned and operated by third-party defendants (collectively the City), insofar as appealed from as limited by the briefs, granted the City's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

The City made a prima facie showing of entitlement to judgment dismissing the third-party complaint with the testimony of the infant's mother that the infant, on her occasional, supervised visits to the park, played only in the water and in plastic-bucket swings attached to a painted steel frame with swivels and unpainted metal chains, and never had any contact with the items in the park that were tested positive for lead by landlord's expert, namely, a slide handrail, a swing set beam support and a toddler play area gate and fence. Landlord's opposition adduced no evidence of any such contact, and instead emphasized, through its expert, that the sudden spike in the infant's blood lead level was much more likely to have been caused by just a single contact with the high levels of lead he found in the park than by the low level of lead found in the apartment, which was barely above allowable limits and promptly abated. The argument was properly rejected by the motion court as speculative absent evidence of contact with the slide, beam, gate or fence. As the motion court also aptly held, that the City's method of scraping and painting the playground equipment may have caused lead to contaminate the soil under the swings where plaintiff played raises no material issues of fact absent evidence that plaintiff played in that soil and that the soil itself was tested for lead and found positive.

The City made an additional prima facie showing of entitlement to judgment with the testimony of its employees that it had no prior notice of a lead paint condition in the park. Landlord's reliance on *Chapman v Silber* (97 NY2d 9 [2001]) to raise an issue of fact in this regard is misplaced. *Chapman* set out a five-pronged test for deciding, in the absence of a local law, whether an issue of fact exists as to a landlord's notice of a dangerous lead paint condition in an apartment (*id.* at 15). Assuming that such test can be applied outside of the landlord/tenant relationship, and to exterior or publicly owned locations,

there is no evidence here tending to satisfy the prong of the test requiring the defendant's awareness of peeling paint on its premises (*see id.* at 21).

We have considered landlord's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Sullivan, Catterson and Kavanagh, JJ. [*See* 2007 NY Slip Op 31327(U).]