■ EMILY MCMAHON, Respondent, v RICHARD GOLD et al., Appellants. [910 NYS2d 561]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 14, 2010, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

In 1992, the defendants bought a house in Setauket, Suffolk County. The house had an elevated cedar deck in the backyard at that time. On June 26, 2008, the plaintiff visited the defendants' residence for a party before the Ward Melville High School prom. The plaintiff was a classmate of the defendants' daughter. The deck collapsed while 16 students were gathered on it, causing injuries to the plaintiff. This action ensued.

The defendants' moved for summary judgment dismissing the complaint. In support, they submitted the affidavit of a professional engineer, who stated that he examined the collapsed deck, and concluded the deck had been poorly constructed. The deck had been attached to the house with nails instead of bolts. He further stated that an inspection of the deck would not have revealed this problem, as the nails were hidden from view. In opposition, the plaintiff submitted the affidavits of two of her friends, both of whom stated that the railing of the deck was "wobbly and appeared unsafe" on the date of the accident. The plaintiff herself stated that the defendants' daughter told her that there was something wrong with the railing one month before the accident.

In an order dated January 14, 2010, the Supreme Court denied the defendants' motion for summary judgment, finding that there were triable issues of fact. The defendants appeal. We reverse.

An owner of premises cannot be held liable for injuries caused by an allegedly defective condition unless the plaintiff establishes that the owner either created or had actual or constructive notice of the condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Applegate v Long Is. Power Auth.*, 53 AD3d 515, 516 [2008]; *Powell v Pasqualino*, 40 AD3d 725 [2007]; *Singer v St. Francis Hosp.*, 21 AD3d 469 [2005]). To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d at 837). "[C]onstructive notice will not be imputed where a defect is latent and would not be discoverable upon reasonable inspection" (*Curiale v Sharrotts Woods, Inc.*, 9 AD3d

473, 475 [2004]; *see Scoppettone v ADJ Holding Corp.*, 41 AD3d 693, 694 [2007]; *Lal v Ching Po Ng*, 33 AD3d 668 [2006]).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting the affidavit of their professional engineer, who stated that the defect in the subject deck was latent and not readily observable, and could not have been discovered by the homeowners upon a reasonable inspection. Thus, the defendants, who purchased the house after the deck had already been installed, could not have had constructive notice of the defect.

In opposition, the plaintiff attempted to raise a triable issue of fact by submitting her own deposition testimony, as well as affidavits of her two friends, all of whom stated that the railing on the deck appeared to be loose and "wobbly." But the railing did not cause the accident. None of the guests fell off the deck due to a loose railing—the deck detached itself from the house and collapsed. Even assuming that the railing was defective, the plaintiff failed to rebut the defendants' prima facie showing that the defect that caused the accident could not have been discovered by a reasonable inspection (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Nor can the plaintiff rely on the doctrine of res ispa loquitur, as the defendants did not have exclusive control over the deck as it was being constructed (*see Everhart v County of Nassau*, 65 AD3d 1277, 1279 [2009]; *see generally Dermatossian v New York City Tr. Auth.*, 67 NY2d 219 [1986]; *cf. Jappa v Starrett City, Inc.*, 67 AD3d 968, 968-969 [2009]).

Therefore, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Balkin, Eng and Hall, JJ., concur.