■ ALBERTO POLANCO et al., Respondents, v CRESTON AVENUE PROPERTIES, INC., et al., Respondents-Appellants, and ARNOLD M. POHL et al., Appellants-Respondents, et al., Defendants. [924 NYS2d 512]—

In an action to recover damages for personal injuries, (1) the defendants Arnold M. Pohl and Dawn Pohl appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Starkey, J.), dated October 21, 2009, as denied their motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them, (2) the defendants Creston Avenue Properties, Inc., and Norwax Associates Inc., appeal, as limited by their brief, from so much of an order of the same court dated November 24, 2009, as denied, as untimely, that branch of their cross motion which was for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them, and (3) the defendants Martha Rodriguez and Tomas Rodriguez separately appeal, as limited by their brief, from so much of the order dated November 24, 2009, as denied those branches of their cross motion which were for summary judgment dismissing the amended complaint insofar as asserted against them by the plaintiffs Shamiry Polanco and Alberto Polanco, infants by their mother and natural guardian, Eridania Ventura.

Ordered that the order dated October 21, 2009, is reversed insofar as appealed from, on the law, and the motion of the defendants Arnold M. Pohl and Dawn Pohl for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them is granted; and it is further,

Ordered that the order dated November 24, 2009, is modified, on the law, by deleting the provision thereof denying those

branches of the cross motion of the defendants Tomas Rodriguez and Martha Rodriguez which were for summary judgment dismissing the amended complaint insofar as asserted against them by the plaintiffs Shamiry Polanco and Alberto Polanco, infants by their mother and natural guardian, Eridania Ventura, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order dated November 24, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Arnold M. Pohl and Dawn Pohl and the defendants Martha Rodriguez and Tomas Rodriguez, appearing separately and filing separate briefs, payable by the plaintiffs and the defendants Creston Avenue Properties, Inc., and Norwax Associates, Inc., and one bill of costs is awarded to the plaintiffs, payable by the defendants Creston Avenue Properties, Inc., and Norwax Associates, Inc.

Shamiry Polanco, Alberto Polanco, and Arnold Polanco (hereinafter collectively the infant plaintiffs), by their mother and natural guardian, Eridania Ventura (hereinafter the mother), commenced this action against several building owners to recover damages for personal injuries arising from exposure to lead-based paint, caused by the building owners' alleged failure, pursuant to both Local Law No. 1 (1982) of City of NY (Administrative Code of City of NY § 27-2013 [former (h)], now §§ 27-2056.1—27-2056.18 [hereinafter Local Law 1]), and common-law obligations, to correct lead-based paint conditions in dwelling units the infant plaintiffs allegedly either visited or in which they resided between July 1994 and 1997.

Shamiry Polanco (hereinafter Shamiry) was born on July 5, 1989. According to the mother, she and Shamiry lived with the mother's father—the infant plaintiffs' maternal grandfather—in a basement apartment of a building located at 333 West 19th Street in Manhattan (hereinafter the Manhattan building) for approximately 3½ years, from late 1989 until mid-1993. During that period, the defendants Arnold M. Pohl and Dawn Pohl (hereinafter together the Pohls) owned the Manhattan building.

In approximately June 1993, the mother and Shamiry, along with the infant plaintiffs' father, allegedly moved to a basement apartment in a building located at 901 Bushwick Avenue in Brooklyn (hereinafter the Brooklyn building), which, at that time, was owned by Tomas Rodriguez and Martha Rodriguez (hereinafter together the Rodriguezes).

Alberto Polanco (hereinafter Alberto) was born on July 31, 1994. In June 1995, while Shamiry, Alberto, and their parents still resided in the basement apartment of the Brooklyn building, the Rodriguezes sold the Brooklyn building to Gloria Reyes.

Arnold Polanco (hereinafter Arnold) was born on October 11, 1995. In February 1996 or March 1996, Shamiry, Alberto, Arnold, and their parents allegedly moved, within the Brooklyn building, from the basement apartment to an apartment on the second floor of the building.

The infant plaintiffs allege that between July 1994 through 1996, while residing in the Brooklyn building, they were "regularly present" within an apartment unit of a multiple dwelling building located at 2564 Creston Avenue in the Bronx (hereinafter the Bronx building), which is owned by the defendants Creston Avenue Properties, Inc., and Norwax Associates, Inc. (hereinafter together Creston/Norwax). The infant plaintiffs concede that they never resided in the Bronx building.

After the filing of the note of issue, the Pohls moved, and the Rodriguezes, Reyes, and Creston/Norwax each separately cross-moved, for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against each of them. In an order dated October 21, 2009, the Supreme Court denied the Pohls' motion and Reyes's cross motion. In an order dated November 24, 2009, the Supreme Court granted only that branch of the Rodriguezes' cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against them by Arnold, denied the remainder of the Rodriguezes' cross motion, and denied Creston/Norwax's cross motion on the ground that it was untimely. The Pohls appeal from so much of the order dated October 21, 2009, as was adverse to them, and the Rodriguezes and Creston/Norwax each separately appeal from so much of the order dated November 24, 2009, as was adverse to each of them.

In connection with the Pohls' motion, it is undisputed that Alberto and Arnold never resided in the Manhattan building. In opposition to the Pohls' prima facie showing that Shamiry had never resided in the Manhattan building, however, the plaintiffs referred to the mother's deposition testimony, in which she stated that Shamiry had lived in the apartment of the Manhattan building's superintendent, who is the infant plaintiffs' maternal grandfather (*see Peri v City of New York*, 44 AD3d 526 [2007], *affd* 11 NY3d 756 [2008]; *Munoz v 42 Holding Corp.*, 30 AD3d 361 [2006]). Nevertheless, Local Law 1, by its express terms, applies only to hazardous lead conditions located in the interior of a "dwelling unit" (Administrative Code of City of NY § 27-2013 [former (h) (1)], now § 27-2056.6). With respect to this issue, the Pohls established, prima facie, that Local Law 1 is inapplicable, as there is no evidence of an allegedly hazardous lead condition within the apartment unit in which Shamiry al-

legedly resided. Indeed, the mother testified at her deposition that it was not until after she and Shamiry had moved out of the Manhattan building that she first noticed chipping and flaking paint in the Manhattan building, and then only in the common hallway of that building. Consequently, regardless of whether the Pohls had notice that Shamiry resided in the Manhattan building during the relevant time period, the plaintiffs failed to raise a triable issue of fact as to the applicability of Local Law 1 to the cause of action asserted against the Pohls.

With respect to so much of the cause of action asserted against the Pohls as sounded in common-law negligence, in opposition to the Pohls' prima facie showing that they lacked notice of any peeling paint during the time when Shamiry allegedly lived in the Manhattan building, the plaintiffs failed to raise a triable issue of fact. In her deposition testimony, the mother acknowledged that there was no peeling paint in the apartment or in the hallway during the time that Shamiry resided in the Manhattan building. The Pohls thus established, as a matter of law, that they lacked notice of any hazardous condition at the Manhattan building during the relevant time period (*see Rodriguez v Trakansook*, 67 AD3d 768 [2009]; *Gonzalez v Curt Realty LLP*, 44 AD3d 342, 343-344 [2007]). Accordingly, the Supreme Court should have granted the Pohls' motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them.

In connection with the Rodriguezes' cross motion, "[a]s a general rule, liability for dangerous conditions does not extend to a prior owner of the premises. A narrow exception exists, however, and liability may be imposed where a dangerous condition existed at the time of the conveyance, and the new owner has not had a reasonable time to discover the condition if it was unknown, or to remedy the condition once it became known" (*Matthews v Tobias*, 260 AD2d 608, 608 [1999] [citations omitted]). Here, the Rodriguezes sold the Brooklyn building to Reyes approximately 10 months before a lead-paint condition was found in the second-floor apartment in which the infant plaintiffs resided. Moreover, at the time that the Rodriguezes owned the Brooklyn building, the infant plaintiffs lived in the basement apartment of the building. Accordingly, the Rodriguezes established, prima facie, their entitlement to judgment as a matter of law on the ground that they did not own the Brooklyn building during the relevant time period and, in any event, that they did not have notice of any hazardous condition in the second-floor apartment unit (*see Rodriguez v Trakansook*, 67

AD3d 768 [2009]; *Gonzalez v Curt Realty LLP*, 44 AD3d at 343-344; *Matthews v Tobias*, 260 AD2d 608 [1999]).

In opposition to the Rodriguezes' showing, the plaintiffs failed to raise a triable issue of fact. The plaintiffs submitted a document purporting to show that, approximately 14 months after the Rodriguezes sold the Brooklyn building to Reyes, an area in the basement apartment was found "pos[itive]" for lead in a test performed by a private environmental testing company. However, that report does not specify the level of lead found in that area of the basement apartment and, as the plaintiffs correctly acknowledge in their brief, the report was not authenticated. Thus, the report should not have been considered in opposition to the Rodriguezes' cross motion for summary judgment, since it was not in admissible form (*see Stahl v Stralberg*, 287 AD2d 613 [2001]). Further, the mother acknowledged in her deposition testimony that there was no peeling or chipping paint in the basement apartment of the Brooklyn building during the time that the infant plaintiffs resided therein. Under these circumstances, the Supreme Court should have granted those branches of the Rodriguezes' cross motion which were for summary judgment dismissing the amended complaint insofar as asserted against them by Alberto and Shamiry (*see Matthews v Tobias*, 260 AD2d at 608-609; *see also Bittrolff v Ho's Dev. Corp.*, 77 NY2d 896, 898 [1991]; *Mullen v Zoebe, Inc.*, 205 AD2d 597 [1994]).

Finally, with respect to Creston/Norwax's cross motion, it was untimely under the rules of the Supreme Court, Civil Term, Kings County, as it was made more than 60 days after the filing of the note of issue (*see* CPLR 3212 [a]; Uniform Civ Term Rules of Sup Ct, Kings County, part C, rule 6; *Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]). Moreover, Creston/Norwax failed to establish good cause for its delay in cross-moving for summary judgment (*see* CPLR 3212 [a]; *cf. Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]). Accordingly, the Supreme Court properly denied Creston/Norwax's cross motion as untimely. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.