■ Deborah J. Houck, Appellant, v Idalio Simoes, Respondent. [925 NYS2d 658]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Orange County (Bartlett, J.), dated May 24, 2010, which granted the defendant's motion for summary judgment dismissing the complaint, and (2), as limited by her brief, from so much of an order of the same court dated July 14, 2010, as denied that branch of her motion which was for leave to renew her opposition to the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order dated May 24, 2010, is affirmed; and it is further,

Ordered that the order dated July 14, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff allegedly fell on an interior, carpeted staircase of an apartment she leased from the defendant owner. The defendant established his entitlement to judgment as a matter of law by demonstrating, prima facie, that he did not create or have actual or constructive notice of the alleged hazardous condition (*see Nelson v Cunningham Assoc., L.P.*, 77 AD3d 638, 639-640 [2010]; *Powell v Pasqualino*, 40 AD3d 725, 725 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to show that her "expert" Anthony Mellusi was qualified to provide expert evidence in this case (*see generally Riccio v NHT Owners, LLC*, 79 AD3d 998, 1000 [2010]; *de Hernandez v Lutheran Med. Ctr.*, 46 AD3d 517, 517-518 [2007]; *Hofmann v Toys "R" Us, NY Ltd. Partnership*, 272 AD2d 296 [2000]). In any event, Mellusi's opinion based upon his inspection of the staircase more than a year and a half after the accident was insufficient to raise a triable issue of fact (*see Lal v Ching Po Ng*, 33 AD3d 668, 668-669 [2006]). Mellusi's opinion based upon his review of the photographs that the plaintiff took four days after her accident was conclusory and insufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Mastroianni v State of New York*, 35 AD3d 674, 675 [2006]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

The Supreme Court also properly denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's motion for summary judgment, since she did not submit evidence which would change the prior determination (*see* CPLR 2221 [e] [2]). Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur. **[Prior Case History: 27 Misc 3d 1227(A), 2010 NY Slip Op 50924(U).]**