In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered February 1, 2011, as granted those branches of the defendant’s motion which were for summary judgment dismissing the first and second causes of action.
Ordered that the order is affirmed insofar as appealed from, with costs.
Contrary to the plaintiffs assertions on appeal, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. The plaintiff asserted three causes of action. The first cause of action, which expressly alleged common-law negligence, and the second cause of action, which alleged a violation of General Obligations Law § 11-106, were duplicative, as they both, in actuality, sounded in common-law negligence. On appeal, the plaintiff concedes that the Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment dismissing the third cause of action, which was premised on General Municipal Law § 205-e.
A defendant property owner who moves for summary judgment in a personal injury action arising from an alleged hazardous or defective condition on his or her property has the burden of establishing that he or she did not create the hazardous or defective condition or have actual or constructive notice of its existence (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; McKeon v Town of Oyster Bay, 292 AD2d 574, 574-575 [2002]). To give rise to constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d at 837). When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed (see Lal v Ching Po Ng, 33 AD3d 668 [2006]; Curiale v Sharrotts Woods, Inc., 9 AD3d 473, 475 [2004]). As to the plaintiffs first two causes of action, the defendant established her entitlement to judgment as a *1296 matter of law by demonstrating that she neither created nor had actual or constructive notice of the latent defect which caused a section of an outdoor staircase on her property to collapse as the plaintiff exited her home.
In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether the defendant created or had actual or constructive notice of the condition that caused him to fall (see Lal v Ching Po Ng, 33 AD3d at 668; Curiale v Sharrotts Woods, Inc., 9 AD3d at 475; McKeon v Town of Oyster Bay, 292 AD2d at 575).
Accordingly, the Supreme Court properly granted those branches of the defendant’s motion which were for summary judgment dismissing the first and second causes of action. Rivera, J.E, Belen, Sgroi and Miller, JJ., concur.