In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (LaSalle, J.), dated June 22, 2012, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly sustained personal injuries as he was descending an exterior staircase abutting the side of a house owned by the defendants. The plaintiff alleged that as he stepped on the second step from the top of the staircase, the side of the step which was further away from the house became detached from the railing. A postaccident examination of the step revealed that the two screws connecting the railing to the *792 cleat, which supported the step, had snapped and broken. Prior to the accident, the defendants never found the subject step to be loose and they never had a problem using it. On the day of the accident, the plaintiff used the staircase approximately a dozen times prior to the step detaching, and he did not have any difficulty using the step. The defendants moved for summary judgment dismissing the complaint, contending that they did not create or have actual or constructive notice of the alleged hazardous condition. The Supreme Court denied the motion.
To demonstrate prima facie entitlement to judgment as a matter of law in a premises liability case, a defendant must establish that it did not create the condition that allegedly caused the fall or have actual or constructive notice of that condition (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; McMahon v Gold, 78 AD3d 908, 909 [2010]; Applegate v Long Is. Power Auth., 53 AD3d 515, 516 [2008]; Powell v Pasqualino, 40 AD3d 725 [2007]). To provide constructive notice, “a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it” (Gordon v American Museum of Natural History, 67 NY2d at 837). “[Constructive notice will not be imputed where a defect is latent and would not be discoverable upon reasonable inspection” (Curiale v Sharrotts Woods, Inc., 9 AD3d 473, 475 [2004]; see Lal v Ching Po Ng, 33 AD3d 668 [2006]; Lee v Bethel First Pentecostal Church of Am., 304 AD2d 798, 800 [2003]).
Here, the defendants established, prima facie, that they did not create or have actual or constructive notice of the alleged hazardous condition (see Applegate v Long Is. Power Auth., 53 AD3d at 516; Scoppettone v ADJ Holding Corp., 41 AD3d 693, 694-695 [2007]; Monroe v City of New York, 67 AD2d 89, 96-97 [1979]). The condition of the screws, which were hidden from view, could not have been discerned by reasonable inspection. In opposition, the plaintiff failed to raise a triable issue of fact. The photographs of the accident site, which did not depict the broken screws, and the affidavit of the plaintiffs expert, who never inspected the staircase, were insufficient to raise a triable issue of fact (see generally Romano v Stanley, 90 NY2d 444, 451 [1997]; Houck v Simoes, 85 AD3d 967 [2011]; Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729, 731 [2008]).
Accordingly, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint. Rivera, J.E, Skelos, Leventhal and Lott, JJ., concur.