■ STEVE NICOLETTI, Appellant, v SUSAN IRACANE, Respondent. [996 NYS2d 697]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 5, 2013, as granted those branches of the defendant's

motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was hired as a subcontractor to resurface a deck attached to the defendant's home. Before beginning any physical work on the project, the plaintiff came to the defendant's home to assess the manner in which he would perform the work. At that time, while the plaintiff was walking on the deck, it caved in. He fell and was allegedly injured. The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, common-law negligence and a violation of Labor Law § 200. The defendant moved for summary judgment dismissing, among others, those causes of action, and the Supreme Court granted those branches of the motion.

Where, as here, a plaintiff's alleged injury arose from a dangerous condition on the premises, a property owner moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 has the initial burden of showing that he or she neither created the dangerous condition nor had actual or constructive notice of it (*see Ventimiglia v Thatch, Ripley & Co., LLC*, 96 AD3d 1043, 1046 [2012]; *Rodriguez v BCRE 230 Riverdale, LLC*, 91 AD3d 933, 934 [2012]). A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Rendon v Broadway Plaza Assoc. Ltd. Partnership*, 109 AD3d 975, 977 [2013]). "When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (*Schnell v Fitzgerald*, 95 AD3d 1295, 1295 [2012]; *see Lal v Ching Po Ng*, 33 AD3d 668 [2006]).

Here, the defendant demonstrated her prima facie entitlement to judgment as a matter of law by establishing that the she did not have actual or constructive notice of the defect in the deck, which was latent and not discoverable upon a reasonable inspection. The defendant further demonstrated that she did not create the defect. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. Rivera, J.P.,

Skelos, Dickerson and Barros, JJ., concur. **[Prior Case History: 38 Misc 3d 1220.]**