■ WINIFRED JACKSON et al., Respondents-Appellants, v EMILE P. CONRAD et al., Respondents, and SHELLS ONLY OF SUF-FOLK, INC., Appellant-Respondent. [7 NYS3d 355]—

In an action to recover damages for personal injuries, etc., the defendant Shells Only of Suffolk, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated April 3, 2013, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted the motion of the defendants Emile P. Conrad and Lorraine Conrad for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendants Emile P. Conrad and Lorraine Conrad which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal by the defendant Shells Only of Suffolk, Inc., from so much of the order as granted that branch of the motion of the defendants Emile P. Conrad and Lorraine Conrad which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as it is not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed on the appeal by the defendant Shells Only of Suffolk, Inc., and insofar as cross-appealed from by the plaintiffs; and it is further,

Ordered that one bill of costs is awarded to the defendants Emile P. Conrad and Lorraine Conrad, payable by the plaintiffs, and one bill of costs is awarded to the plaintiffs payable by the defendant Shells Only of Suffolk, Inc.

The plaintiff Winifred Jackson (hereinafter the injured plaintiff) allegedly was injured when an elevated deck on a residential property owned by the defendants Emile P. Conrad and Lorraine Conrad (hereinafter together the owners) separated from the building and fell. The injured plaintiff, and her husband suing derivatively, commenced this action against the owners and the defendant Shells Only of Suffolk, Inc. (hereinafter the contractor), which had constructed the deck. In the order appealed from, the Supreme Court, inter alia, granted the owners' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and denied the contractor's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

"A defendant property owner who moves for summary judgment in a personal injury action arising from an alleged hazardous or defective condition on his or her property has the burden of establishing that he or she did not create the hazardous or defective condition or have actual or constructive notice of its existence" (*Schnell v Fitzgerald*, 95 AD3d 1295, 1295 [2012]; *see Hoffman v Brown*, 109 AD3d 791, 792 [2013]). "A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (*Nicoletti v Iracane*, 122 AD3d 811, 812 [2014]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). "When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (*Schnell v Fitzgerald*, 95 AD3d at 1295; *see*

*Nicoletti v Iracane*, 122 AD3d at 812; *Hoffman v Brown*, 109 AD3d at 792).

Here, the owners established, prima facie, that they did not create or have actual or constructive notice of the alleged hazardous condition (*see Nicoletti v Iracane*, 122 AD3d at 812; *Hoffman v Brown*, 109 AD3d at 792; *Schnell v Fitzgerald*, 95 AD3d at 1295-1296). The owners also made a prima facie showing that the so-called "independent contractor rule" applied (*see Soussi v Gobin*, 87 AD3d 580, 581 [2011]; *Campbell v HEI Hospitality, LLC*, 72 AD3d 860, 861 [2010]). "As a general rule, one who hires an independent contractor may not be held liable for the independent contractor's negligent acts" (*Sanchez v 1710 Broadway, Inc.*, 79 AD3d 845, 846 [2010]; *see Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *Campbell v HEI Hospitality, LLC*, 72 AD3d at 861).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the owners created or had actual or constructive notice of the condition that caused the accident (*see Schnell v Fitzgerald*, 95 AD3d at 1296; *McMahon v Gold*, 78 AD3d 908, 910 [2010]; *Lal v Ching Po Ng*, 33 AD3d 668, 668-669 [2006]), or whether any recognized exception to the independent contractor rule applied to the facts of this case (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *Soussi v Gobin*, 87 AD3d at 581; *Sanchez v 1710 Broadway, Inc.*, 79 AD3d at 846-847; *see generally Backiel v Citibank*, 299 AD2d 504, 505-507 [2002]; *Richardson v Simone*, 275 AD2d 576, 576-577 [2000]). Moreover, contrary to the plaintiffs' contention, the doctrine of res ipsa loquitur is not applicable here (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-228 [1986]; *Durri v City of New York*, 95 AD3d 1273, 1274 [2012]; *McMahon v Gold*, 78 AD3d at 910).

The contractor failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it. "Although a contractual obligation, standing alone, does not generally give rise to tort liability in favor of a third party, a contractor can be held liable to a third party if it negligently creates a dangerous condition by launching a force or instrument of harm" (*Campbell v Barbaro Elec. Co., Inc.*, 116 AD3d 728, 729 [2014]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002]; *Ragone v Spring Scaffolding, Inc.*, 46 AD3d 652, 654 [2007]). Here, the contractor's submissions failed to eliminate all triable issues of fact as to whether it launched an instrument of harm by allegedly negligently constructing the deck (*see Anastasio v Berry Complex, LLC*, 82 AD3d 808, 809 [2011];

*see generally Powers v 31 E 31 LLC*, 24 NY3d 84, 92-93 [2014]; *Rosato v 2550 Corp.*, 70 AD3d 803, 805 [2010]). Since the contractor failed to make a prima facie showing, it is not necessary to consider the sufficiency of the submissions in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Anastasio v Berry Complex, LLC*, 82 AD3d at 809).

The remaining contentions of the plaintiffs and the contractor are not properly before this Court (*see Deutsch v Grunwald*, 110 AD3d 949, 951 [2013]; *Schiller v St. Francis Hosp., Roslyn, N.Y.*, 108 AD3d 758, 760 [2013]; *Matter of Corrigan v Orosco*, 84 AD3d 955, 956 [2011]).

Accordingly, the Supreme Court properly granted the owners' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and properly denied the contractor's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.