Landahl v Stein (2018 NY Slip Op 04196)





Landahl v Stein


2018 NY Slip Op 04196


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


673 CA 17-02187

[*1]WILLIAM LANDAHL AND KIMBERLY LANDAHL, PLAINTIFFS-RESPONDENTS,
v
DANIEL B. STEIN AND TRUDY STEIN, DEFENDANTS-APPELLANTS. 






LAW OFFICES OF ROBERT L. HARTFORD, GETZVILLE (JENNIFER V. SCHIFFMACHER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 29, 2017. The order denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by plaintiff William Landahl when a stair tread on the stairs of an outdoor deck located on defendants' property broke, causing him to fall. We agree with defendants that Supreme Court erred in denying their motion for summary judgment dismissing the complaint. Defendants met their initial burden of establishing that they neither created nor had actual or constructive notice of the allegedly dangerous or defective condition of the stair tread, and plaintiffs failed to raise a triable issue of fact in opposition (see generally King v Sam's E., Inc., 81 AD3d 1414, 1414-1415 [4th Dept 2011]). Contrary to plaintiffs' contention, "[t]he photographs of the accident site, which did not [clearly] depict [the stairs], and the affidavit of the plaintiff[s'] expert, who never inspected the staircase, were insufficient to raise a triable issue of fact" (Hoffman v Brown, 109 AD3d 791, 792 [2d Dept 2013]).
We have considered plaintiffs' remaining contentions and conclude they are without merit.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court