Hayden v 334 Dune Rd., LLC (2020 NY Slip Op 07040)





Hayden v 334 Dune Rd., LLC


2020 NY Slip Op 07040


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-09522
 (Index No. 14572/15)

[*1]Christopher Hayden, appellant,
v
334 Dune Road, LLC, et al., respondents.


Bergman Bergman Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman and Julie T. Mark of counsel), for appellant.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Jeffrey Migdalen of counsel), for respondents 334 Dunne Road, LLC, and Darryl Romanoff.
Schondebare & Korcz, P.C., Bohemia, NY (Amy B. Korcz of counsel), for respondents Donald Chaifetz, Nina Chaifetz, and The Sheila Chaifetz 2012 Irrevocable Trust.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated May 11, 2018. The order granted the separate motions of the defendants 334 Dune Road, LLC, and Darryl Romanoff, and the defendants Donald Chaifetz, Nina Chaifetz, and The Sheila Chaifetz 2012 Irrevocable Trust for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants 334 Dune Road, LLC, and Darryl Romanoff for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendants 334 Dune Road, LLC, and Darryl Romanoff, and one bill of costs to the defendants Donald Chaifetz, Nina Chaifetz, and The Sheila Chaifetz 2012 Irrevocable Trust payable by the plaintiff.
The plaintiff allegedly was injured when he leaned against the porch railing outside a house located in Westhampton Beach (hereinafter the premises) and the railing gave way, causing the plaintiff to fall to the ground below. The plaintiff commenced this action against the owner of the premises, the defendant 334 Dune Road, LLC (hereinafter LLC), the defendant Darryl Romanoff, the sole member of the LLC (hereinafter together the Romanoff defendants), and the defendants Donald Chaifetz, Nina Chaifetz, and the Sheila Chaifetz 2012 Irrevocable Trust (hereinafter collectively the Chaifetz defendants), the former owners of the premises. The Romanoff defendants and the Chaifetz defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions, and the plaintiff appeals.
"A defendant property owner who moves for summary judgment in a personal injury action arising from an alleged hazardous or defective condition on his or her property has the burden of establishing that he or she did not create the hazardous or defective condition or have actual or constructive notice of its existence" (Schnell v Fitzgerald, 95 AD3d 1295, 1295; see Hoffman v Brown, 109 AD3d 791, 792). "A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (Nicoletti v Iracane, 122 AD3d 811, 812; see Gordon v American Museum of Natural History, 67 NY2d 836, 837). "When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (Schnell v Fitzgerald, 95 AD3d at 1295; see Nicoletti v Iracane, 122 AD3d at 812; Hoffman v Brown, 109 AD3d at 792).
Contrary to the determination of the Supreme Court, the Romanoff defendants failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous condition (see Quinones v Starret City, Inc., 163 AD3d 1020, 1022; Hanney v White Plains Galleria, LP, 157 AD3d 660). In support of their motion, the Romanoff defendants submitted, inter alia, evidence that the porch railing that collapsed had not been physically inspected in the eight months following the purchase of the premises. They also failed to demonstrate that the alleged dangerous condition of the porch railing was latent and not discoverable upon a reasonable inspection. In support of the motion, the Romanoff defendants relied upon the plaintiff's deposition testimony that, as he leaned onto the railing to shake dust out of a blanket, he felt the railing move as soon as he made contact with it, and it did not appear to be attached to anything. Accordingly, the court should have denied the Romanoff defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We agree with the Supreme Court's determination to grant the Chaifetz defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. "As a general rule, liability for dangerous conditions does not extend to a prior owner of the premises. A narrow exception exists, however, and liability may be imposed where a dangerous condition existed at the time of the conveyance, and the new owner has not had a reasonable time to discover the condition if it was unknown, or to remedy the condition once it became known" (Matthews v Tobias, 260 AD2d 608, 608 [citations omitted]; see Bittrolff v Ho's Dev. Corp., 77 NY2d 896, 898). The Chaifetz defendants established, prima facie, that they did not create the dangerous condition or conceal it from the new owners of the premises by adducing evidence that a physical inspection of the porch railing prior to the sale of the premises did not reveal any defect. The Chaifetz defendants also established, prima facie, that the accident occurred over eight months after they had sold the premises, and the new owners had a reasonable time to discover the condition if it was unknown, or to remedy the condition once it became known (see Matthews v Tobias, 260 AD2d at 608). In opposition, the plaintiff failed to raise a triable issue of fact.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court