Hayden v 334 Dune Rd., LLC (2021 NY Slip Op 04481)





Hayden v 334 Dune Rd., LLC


2021 NY Slip Op 04481


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-09522
 (Index No. 14572/15)

[*1]Christopher Hayden, appellant,
v
334 Dune Road, LLC, et al., respondents.


Bergman Bergman Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman and Julie T. Mark of counsel), for appellant.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick, Jeffrey Migdalen, and William T. O'Connell of counsel), for respondents 334 Dune Road, LLC, and Darryl Romanoff.
Schondebare & Korcz, P.C., Bohemia, NY (Amy B. Korcz of counsel), for respondents Donald Chaifetz, Nina Chaifetz, and Sheila Chaifetz 2012 Irrevocable Trust. 



DECISION & ORDER
Motion by the respondents 334 Dune Road, LLC, and Darryl Romanoff for leave to reargue an appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated May 11, 2018, which was determined by decision and order of this Court dated November 25, 2020, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the branch of the motion which was for leave to reargue is granted, the motion is otherwise denied, and, upon reargument, the decision and order of this Court dated November 25, 2020 (Hayden v 334 Dune Rd., LLC, 188 AD3d 1166), is recalled and vacated, and the following decision and order is substituted therefor:
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated May 11, 2018. The order granted the separate motions of the defendants 334 Dune Road, LLC, and Darryl Romanoff, and the defendants Donald Chaifetz, Nina Chaifetz, and Sheila Chaifetz 2012 Irrevocable Trust for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants 334 Dune Road, LLC, and Darryl Romanoff which was for summary judgment dismissing the complaint insofar as asserted against 334 Dune Road, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the defendants Donald Chaifetz, Nina Chaifetz, and [*2]Sheila Chaifetz 2012 Irrevocable Trust payable by the plaintiff.
The plaintiff allegedly was injured when he leaned against the porch railing outside a house located in Westhampton Beach (hereinafter the premises) and the railing gave way, causing the plaintiff to fall to the ground below. The plaintiff commenced this action against the owner of the premises, the defendant 334 Dune Road, LLC (hereinafter LLC), the defendant Darryl Romanoff, the sole member of the LLC (hereinafter together the Romanoff defendants), and the defendants Donald Chaifetz, Nina Chaifetz, and Sheila Chaifetz 2012 Irrevocable Trust (hereinafter collectively the Chaifetz defendants), the former owners of the premises. The Romanoff defendants and the Chaifetz defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions, and the plaintiff appeals.
"A defendant property owner who moves for summary judgment in a personal injury action arising from an alleged hazardous or defective condition on his or her property has the burden of establishing that he or she did not create the hazardous or defective condition or have actual or constructive notice of its existence" (Schnell v Fitzgerald, 95 AD3d 1295, 1295; see Hoffman v Brown, 109 AD3d 791, 792). "A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (Nicoletti v Iracane, 122 AD3d 811, 812; see Gordon v American Museum of Natural History, 67 NY2d 836, 837). "When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (Schnell v Fitzgerald, 95 AD3d at 1295; see Nicoletti v Iracane, 122 AD3d at 812; Hoffman v Brown, 109 AD3d at 792).
The Supreme Court properly determined that the Romanoff defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Darryl Romanoff individually. The Romanoff defendants adduced evidence that the LLC owned the premises at the time the accident occurred, not Romanoff, and Romanoff did not occupy the premises when the accident occurred or prior thereto (see Casson v McConnell, 148 AD3d 863, 864). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact. Romanoff, as a member of the LLC, cannot be held liable for the company's obligations by virtue of that status alone (see Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1074), and the plaintiff failed to adduce evidence as to the existence of circumstances that would entitle him to pierce the corporate veil to impose personal liability on Romanoff (see Village Auto Ctr., Inc. v Haimson, 72 AD3d 805, 806; Williams v Lovell Safety Mgt. Co., LLC, 71 AD3d 671, 672).
However, contrary to the determination of the Supreme Court, the Romanoff defendants failed to establish, prima facie, that the LLC did not have constructive notice of the alleged hazardous condition (see Quinones v Starret City, Inc., 163 AD3d 1020, 1022; Hanney v White Plains Galleria, LP, 157 AD3d 660). In support of their motion, the Romanoff defendants submitted, inter alia, evidence that the porch railing that collapsed had not been physically inspected in the eight months following the purchase of the premises. They also failed to demonstrate that the alleged dangerous condition of the porch railing was latent and not discoverable upon a reasonable inspection. In support of the motion, the Romanoff defendants relied upon the plaintiff's deposition testimony that, as he leaned onto the railing to shake dust out of a blanket, he felt the railing move as soon as he made contact with it, and it did not appear to be attached to anything. Accordingly, the court should have denied that branch of the Romanoff defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the LLC, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly granted the Chaifetz defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. "As a general rule, liability for dangerous conditions does not extend to a prior owner of the premises. A narrow exception exists, however, and liability may be imposed where a dangerous condition existed at the time of the conveyance, and the new owner has not had a reasonable time to discover the condition if it was unknown, or to remedy the condition once it became known" (Matthews v Tobias, 260 AD2d 608, [*3]608 [citations omitted]; see Bittrolff v Ho's Dev. Corp., 77 NY2d 896, 898). The Chaifetz defendants established, prima facie, that they did not create the dangerous condition or conceal it from the new owners of the premises by adducing evidence that a physical inspection of the porch railing prior to the sale of the premises did not reveal any defect. The Chaifetz defendants also established, prima facie, that the accident occurred over eight months after they had sold the premises, and the new owners had a reasonable time to discover the condition if it was unknown, or to remedy the condition once it became known (see Matthews v Tobias, 260 AD2d at 608). In opposition, the plaintiff failed to raise a triable issue of fact.
CHAMBERS, J.P., MILLER, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court