Potanovic v Nikolarkis

2026 NY Slip Op 02294

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Vanessa Potanovic, appellant,

v

George Nikolarkis, et al., defendants, SDF Capital Limited Liability Company, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2023-02772, (Index No. 65938/17)

Angela G. Iannacci, J.P.

Valerie Brathwaite Nelson

Deborah A. Dowling

Donna-Marie E. Golia, JJ.

Law Office of Michael H. Joseph, PLLC, White Plains, NY, for appellant.

Chartwell Law, New York, NY (Tiffany S. Fendley of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated January 11, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant SDF Capital Limited Liability Company which was for summary judgment dismissing the amended complaint insofar as asserted against it.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly slipped and fell on ice on a sidewalk adjacent to property owned by the defendants George Nikolarkis and Anastasia Nikolarkis (hereinafter together the Nikolarkises). The plaintiff commenced this action against, among others, the Nikolarkises and SDF Capital Limited Liability Company (hereinafter SDF), which had sold the property to the Nikolarkises approximately eight months prior to the accident. The plaintiff alleged that ice formed on the sidewalk due to an improperly installed roof leader that directed water flow onto the sidewalk where it created a dangerous icy condition.

SDF moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. In support of its motion, SDF submitted evidence establishing that it had owned the property for approximately six months before selling it to the Nikolarkises and that it had made only interior cosmetic renovations to the property and had pressure washed and painted the exterior of the property. SDF additionally submitted evidence that after the Nikolarkises purchased the property, they had some exterior work done to the property, which included repair to the downspout at the front of the property. In opposition, the plaintiff submitted, among other things, an affidavit of an engineer who opined, inter alia, that all roof runoff for the front half of the Nikolarkises' property discharged out of a single leader and down the driveway towards the sidewalk. The plaintiff's expert further opined that SDF's renovations would have required it to remove the lower leader extension and that SDF was negligent and deviated from accepted industry standards by reinstalling the lower leader without rerouting it to discharge the roof runoff differently. In an order dated January 11, 2023, the Supreme Court, among other things, granted that branch of SDF's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. The plaintiff appeals.

"As a general rule, liability for dangerous conditions on land does not extend to a prior owner of the premises. A narrow exception exists, however, and liability may be imposed where a dangerous condition existed at the time of the conveyance and the new owner has not had a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it is known" (Bittrolff v Ho's Dev. Corp., 77 NY2d 896, 898 [citation omitted]; see Hayden v 334 Dune Rd., LLC, 196 AD3d 634, 636; Polanco v Creston Ave. Props., Inc., 84 AD3d 1337, 1340). In addition, the prior owner may be liable if it affirmatively created the dangerous condition (see Davis v Angioletti, 215 AD3d 552, 552; Middleton v Dovale, 4 AD3d 345, 346).

Here, SDF established, prima facie, that it did not own the property at the time of the plaintiff's accident and that it did not create the allegedly dangerous condition or conceal it from the Nikolarkises (see Hayden v 334 Dune Rd., LLC, 196 AD3d at 636; Matthews v Tobias, 260 AD2d 608, 609). SDF further established that the accident occurred eight months after it had sold the property to the Nikolarkises and that there was a reasonable amount of time for the Nikolarkises to discover the condition if it was unknown or to remedy it once it became known (see Hayden v 334 Dune Rd., LLC, 196 AD3d at 636-637). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert was speculative, conclusory, and insufficient to defeat that branch of SDF's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it (see Sales v City of New York, 241 AD3d 1378, 1379; Race v Village of Brewster, 185 AD3d 1071, 1072).

Accordingly, the Supreme Court properly granted that branch of SDF's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.

IANNACCI, J.P., BRATHWAITE NELSON, DOWLING and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court