OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff, a New York City firefighter, was injured when he *898 fell through a hole in a stairwell while fighting a fire in a building owned by defendant Ho’s Development Corp. Plaintiff alleges that his injuries were caused in part by the existence of various dangerous and defective conditions in the building.
The issue on this appeal is whether liability for those conditions should extend to defendant City of New York, the former owner of the building. This appeal is from an order affirming the dismissal of the complaint and cross claims against the City.
As a general rule, liability for dangerous conditions on land does not extend to a prior owner of the premises (Pharm v Lituchy, 283 NY 130, 132). A narrow exception exists, however, and liability may be imposed where a dangerous condition existed at the time of the conveyance and the new owner has not had a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it is known (id.; see also, Kilmer v White, 254 NY 64; Farragher v City of New York, 26 AD2d 494, 496, affd on opn below 21 NY2d 756).
In this case, plaintiff has offered nothing to show that the alleged defective conditions existed at the time of the City’s conveyance of the property more than nine months before the fire or that the new owner did not have adequate time to discover and remedy such defects. Thus, liability against the City cannot be sustained under this exception.
Plaintiff urges nonetheless that a further exception should be recognized where the former owner retains a sufficient degree of control over the premises. Were we to recognize such an exception, however, the present circumstances would not call for its application.
The City sold the property to Ho’s Development Corp. pursuant to a plan designed to redevelop vacant housing stock. The City had requested development proposals and accepted Ho’s offer to purchase the property for $13,000 and to rehabilitate the building to contain 13 two-bedroom condo-. miniums and two commercial units. The deed of conveyance was made subject to a simultaneously recorded land disposition agreement, which required the rehabilitation to progress according to a stated schedule and gave the City a right of access to the area to inspect the work being performed and to maintain public utilities. The agreement also required the developer to submit periodic progress reports. Both the deed and the land disposition agreement provided that in the event *899 of the developer’s default, including its failure to comply with the schedule for commencement and completion of the work, the City would have the right to reenter and take possession of the property and to terminate and revest in the City the estate conveyed by the deed to the developer.
The right retained by the City does not justify the imposition of liability for dangerous conditions occurring on the property. The City’s retained rights were tied to the developer’s compliance with the rehabilitation plan; neither the deed, the land disposition agreement nor any statute or regulation gave the City the right or the obligation to remedy dangerous conditions. This is in contrast to the authority relied on by plaintiff, Guzman v Haven Plaza Hous. Dev. Fund Co. (69 NY2d 559), which held that a landlord who was under a statutory duty to maintain its building in a safe condition* and who retained the right to enter and make necessary repairs could be charged with constructive notice of a dangerous condition and could be held liable for the failure to remedy the condition.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.

 The New York City Administrative Code, which has the force of a statute in the City of New York, imposed this duty on the landlord (see, Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 565-567).