■ FEDERAL INSURANCE COMPANY, Plaintiff, v BOTT ELECTRIC, Defendant. (Action No. 1.) ERIC TANEL, Respondent, v BRASSCRAFTERS, INC., et al., Respondents, and JETSON DIRECT MAILING SERVICES, INC., Appellant. (Action No. 2.) (And Another Action.)—In three consolidated negligence actions to recover damages for personal injuries, the defendant Jetson Direct Mailing Services, Inc., appeals from an order of the Supreme Court, Suffolk County (Hand, J.), dated February 5, 1990, which denied its motion for summary judgment dismissing the complaint in Action No. 2 and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motion for summary judgment is granted, and the complaint in Action No. 2 and all cross claims are dismissed insofar as asserted against the appellant.

Action No. 2 is one of three actions brought in connection with an incident in which the plaintiff Eric Tanel was injured. In November 1980, upon assuming tenancy of a building located in Deer Park, in Suffolk County, the defendant Jetson Direct Mailing Services, Inc. (hereinafter Jetson) hired the defendant G.P. Electric Company, an electrical contractor, which made certain electrical wiring alterations to the building so that Jetson's machinery could be installed. In May 1983 Jetson terminated its tenancy and vacated the building.

In December 1985 the plaintiff Eric Tanel was employed as an electrician by the defendant Dennis Bott Electrical Services, Inc., sued here as Bott Electric. While working in the building in which Jetson had formerly been a tenant, the plaintiff suffered extensive burns to his face, chest, and arms when he came into contact with an electrical panel box. He alleged, among other things, that Jetson was negligent in the maintenance of the building's electrical system.

Jetson moved for summary judgment, submitting the testimony of its president who stated that Jetson performed no electrical work at the building. The only evidence presented in

opposition to Jetson's motion was hearsay testimony, based on unproduced documents, stating that Jetson employees had performed electrical work there.

We conclude that Jetson's summary judgment motion should have been granted. It is well settled that summary judgment should be granted only where there is no doubt as to the absence of triable issues of fact *(Andre v Pomeroy,* 35 NY2d 361). Once the movant satisfies this requirement, the burden shifts to the party opposing the motion to produce evidentiary proof sufficient to demonstrate the existence of triable issues of fact *(Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). The only evidence presented in opposition to Jetson's motion was the hearsay testimony that Jetson employees had done electrical work at the building. There is no legal basis on which to impose liability on Jetson, which had vacated the premises more than two and one-half years before the accident *(see, Bittrolff v Ho's Dev. Co.,* 77 NY2d 896). Accordingly the proof in opposition was insufficient to defeat Jetson's motion. Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.