■ ANDREW SCHILLING, Appellant, v WARWICK CONSTRUCTION, INC., et al., Defendants, and WILLIAM C. STEWART et al., Respondents. [597 NYS2d 454] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Juidice, J.), dated February 13, 1991, as (1) granted the motion of the defendant William C. Stewart for summary judgment dismissing the complaint insofar as it is asserted against him, and (2) denied that branch of the plaintiff's cross motion which was for a declaration that the defendant William C. Stewart must indemnify the estate of the codefendant Marvin Ames.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the defendant William C. Stewart's motion for summary judgment and substituting therefor a provision denying summary judgment dismissing the complaint insofar as it is asserted against William C. Stewart; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff slipped and fell at the northeast corner of the New York State Department of Transportation Building in Poughkeepsie. The plaintiff alleged that at the time of his accident, he had placed his right foot on the sidewalk while his left foot remained below the curb, immediately in front of the sidewalk. The court erred in stating that there were no witnesses to the accident. A witness to the accident stated that he observed the plaintiff's left foot slip on or in the immediate vicinity of a drop inlet, upon which there was "snow over ice". The defendant Ames Associates Architects and Engineers rendered professional services to the State of New York in constructing the subject building. The building plans were stamped with the seals of the defendant William C. Stewart, a registered architect employed by the firm, and Marvin Ames, a licensed engineer and principal of the firm.

The plaintiff alleged that defendants William C. Stewart and Harvey Kagan, architects employed by the firm, were negligent in failing to properly design the sidewalks and driveway and ramp system in question, causing runoff water to pool and freeze on the walking surface. The plaintiff maintained that the accident, as well as his resulting injuries, were proximately caused by those defendants' negligence.

The defendant Stewart sought dismissal of the complaint on the ground that the plaintiff failed to adduce any evidence of any duty owed to the plaintiff or that the breach of any such duty was the proximate cause of the plaintiff's accident. The plaintiff's submissions in opposition to Stewart's motion for summary judgment raised triable issues of fact as to whether he breached a duty of care to the plaintiff and whether the alleged negligence was a proximate cause of the plaintiff's injuries. Therefore, Stewart is not entitled to summary judgment.

The plaintiff's remaining contention is without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.