■ ALISHA McKOY and Another, Infants, by Their Mother and Natural Guardian, SHARLISA McKOY, Respondents, v W. RUDOLPH BAGOT, Respondent, STEVEN GUNTHER, Appellant, et al., Defendant. (And a Third-Party Action.) [666 NYS2d 20] —In an action to recover damages for personal injuries, the defendant Steven Gunther appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated January 7, 1997, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with one bill of costs.

We agree with the Supreme Court that there exist triable issues of fact (*see,* CPLR 3212 [b]) as to whether the appellant was liable to the plaintiffs under the lead abatement provision of the Administrative Code of the City of New York (*see, Juarez v Wavecrest Mgt. Team,* 88 NY2d 628). With regard to the appellant's liability to the infant plaintiff, Alisha McKoy, who was born approximately three months after the appellant conveyed the premises to the defendant, W. Rudolph Bagot, we find that there are triable issues of fact as to whether the dangerous condition existed at the time of the conveyance and as to whether Bagot had a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it was known (*see, Bittrolff v Ho's Dev. Corp.,* 77 NY2d 896). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.