◼ RONALD W. MORRIS et al., Respondents, v ROBERT L. FREUDENHEIM, Appellant, and SIBLEY REAL ESTATE SERVICES, INC., Respondent, et al., Defendants. [709 NYS2d 312] —Order unanimously reversed on the law without costs, motion granted and second amended complaint and cross claims against defendant Robert L. Freudenheim dismissed. Memorandum: Supreme Court erred in denying the motion of Robert L. Freudenheim (defendant) for summary judgment dismissing the second amended complaint and cross claims against him. "An out-of-possession owner who has relinquished control over the premises will not be held liable for subsequent injuries resulting from dangerous conditions on the premises" (*Gomez v Walton Realty Assocs.*, 258 AD2d 307, 308; *see, Bittrolff v Ho's Dev. Corp.*, 77 NY2d 896, 898). It is undisputed that defendant relinquished possession and control of the premises to a court-appointed receiver 10 months before the accident and that the premises were purchased at a foreclosure sale nearly five months before the accident. Under those circumstances, liability may be imposed upon defendant only if the allegedly dangerous condition of the elevator existed at the time he relinquished possession and control of the premises "and the

new owner has not had a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it is known" (*Bittrolff v Ho's Dev. Corp., supra,* at 898). Although defendant Sibley Real Estate Services, Inc. (Sibley) submitted proof that the allegedly dangerous condition of the elevator existed at the time defendant relinquished possession and control of the premises, defendant established as a matter of law that the new owner was aware of that condition and had a reasonable time to remedy it (*see, Mazurick v Chalos,* 172 AD2d 805, 806), and Sibley failed to raise a triable issue of fact. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Kehoe and Lawton, JJ.