■ Ben E. Rechlin et al., Respondents, v Allweather Contractors, Appellant, and Duchscherer Oberst Design, P.C., Respondent. [747 NYS2d 844] —Appeal from an order of Supreme Court, Erie County (Sconiers, J.), entered June 21, 2001, which denied the motion of defendant Allweather Contractors for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Allweather Contractors is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Ben E. Rechlin (plaintiff) when he slipped and fell on the roof of a high school. Plaintiff was on the roof in order to repair an air conditioning unit, and plaintiffs allege that the area where he fell should have been covered with a walkway with a nonslip surface. Supreme Court erred in denying the motion of defendant Allweather Contractors (Allweather), the installer of the roofing material, seeking summary judgment dismissing the complaint against it. Generally, a contractor is entitled to rely on plans and specifications that he has agreed to follow unless they are so patently defective as to place a contractor of ordinary prudence on notice that the project, if completed according to the plans and specifications, is potentially dangerous (*see West v City of Troy,*

231 AD2d 825, 826). Allweather met its initial burden by establishing that it had agreed to follow the plans and specifications of defendant Duchscherer Oberst Design, P.C. (DOD), the architectural firm that prepared the plans for the roof, and SarnaFil, Incorporated, the manufacturer of the roofing material, and that those plans and specifications were not "so patently defective" as to place Allweather on notice that the project was potentially dangerous if completed according to the plans and specifications (*id.*; *see also Beckles v General Elec. Corp.*, 248 AD2d 575, 576, *lv denied* 92 NY2d 805; *Loconti v Creede*, 169 AD2d 900, 903). Neither plaintiffs nor DOD raised an issue of fact to defeat the motion. Although DOD's project architect asserted in an opposing affidavit that Allweather had the sole discretion to determine where to place the nonslip walkway, that assertion directly contradicts his prior deposition testimony and thus "is a 'feigned attempt to avoid the consequences'" of his prior testimony (*Andrews v Porreca*, 227 AD2d 940, 941; *see Harty v Lenci*, 294 AD2d 296, 297-298; *Perez v Bronx Park S. Assoc.*, 285 AD2d 402, 404, *lv denied* 97 NY2d 610). Present—Green, J.P., Hayes, Hurlbutt, Gorski and Lawton, JJ.