■ ALVARO A. GONZALEZ et al., Respondents, v CITY OF NEW YORK et al., Respondents, and KAY-BEE CONSTRUCTION COMPANY, INC., Appellant. [753 NYS2d 101] —In an action to recover damages for personal injuries, etc., the defendant Kay-Bee Construction Company, Inc., appeals from an order of the Supreme Court, Queens County (Flug, J.), dated November 26, 2001, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it or, alternatively, for summary judgment dismissing the derivative cause of action asserted by the plaintiff Maritza Gutierrez insofar as asserted against it, as time-barred.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant Kay-Bee Construction Company, Inc., and the action against the remaining defendants is severed.

The infant plaintiff allegedly was injured when he fell from the "monkey bars" in the playground at P.S. 62 in Queens. His mother, individually and on his behalf, subsequently commenced this action against, among others, the appellant, the contractor who renovated the playground approximately one year before the infant plaintiff's accident. The plaintiffs alleged that the padded surface beneath the "monkey bars" was inadequate. After discovery was completed, the appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending, among other things, that there was no evidence that the surface was defective or inadequate.

Contrary to the Supreme Court's determination, the appellant made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that the padded surface was properly installed in accordance with specifications

provided by the New York City School Construction Authority. In opposition to the motion, the respondents failed to demonstrate the existence of a triable issue of fact as to whether the surface was defective or inadequate (*see Zuckerman v City of New York,* 49 NY2d 557). Consequently, the Supreme Court should have granted the appellant's motion.

In light of our determination, it is unnecessary to address the appellant's contention that the mother's derivative cause of action is time-barred. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.