■ BIENVENIDA QUINTANTA, Plaintiff, v CITY OF NEW YORK, Respondent, and SFDS DEVELOPMENT CORP. et al., Appellants. [754 NYS2d 261] —Order, Supreme Court, New York County (Faviola Soto, J.), entered June 10, 2002, which granted defendants-appellants' motion for renewal or reargument and thereupon adhered to the prior order (same court and Justice), entered February 26, 2002, which, inter alia, denied appellants' cross motion to compel document disclosure and for summary judgment on their cross claim for contractual indemnification, and granted the municipal defendant's motion for summary judgment dismissing defendants-appellants' claims for common-law indemnification and contribution, unanimously affirmed, without costs. Appeal from the order entered February 26, 2002, unanimously dismissed, without costs, as superseded by the appeal from the June 10, 2002 order.

The municipal defendant offered documentary proof that it no longer owned the properties at which plaintiff's accident is alleged to have occurred, when, days prior to the accident, the nonmunicipal defendants' employee repaired the marble step on which the accident took place. This showing satisfied the municipal defendant's burden as summary judgment movant to submit proof in evidentiary form sufficient to demonstrate the absence of any material issues of fact (see Bittrolff v Ho's Dev. Corp., 77 NY2d 896). Since appellants did not sustain their ensuing burden, to produce evidentiary proof sufficient to establish the existence of a triable issue of fact, summary judgment dismissing appellants' cross claims was properly granted

(*see Zuckerman v City of New York*, 49 NY2d 557, 562). There was no evidence that the municipal defendant, subsequent to its transfer of ownership of the building, retained such control over the building's maintenance as might support a claim by appellants for common-law indemnification (*compare Bittrolff*, 77 NY2d at 899, *with Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559), and, as the motion court found, the parties' indemnification agreement does not cover liability for this accident.

Appellants' cross motion to compel document disclosure was properly denied since their supplemental request for documents did not seek documents known to exist containing information relevant to the dispositive issue (*see Penn Palace Operating v Two Penn Plaza Assoc.*, 215 AD2d 231). Concur— Tom, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.