■ JOHN MAROCCIA, Appellant, v KEVIN L. REID et al, Respondents. [764 NYS2d 853] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the

Supreme Court, Westchester County (Barone, J.), entered September 11, 2002, which granted the motion of the defendants Kevin L. Reid and Felicia Reid and the separate motion of the defendant Tamm's Pool Company for summary judgment dismissing the complaint insofar as against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Kevin L. Reid and Felicia Reid and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs to Tamm's Pool Company payable by Kevin L. Reid and Felicia Reid.

The plaintiff allegedly was injured when he tripped and fell over a stake protruding from the ground in the backyard of a home owned by the defendants Kevin L. Reid and Felicia Reid. The stake was one of several used to secure a pool cover. The cover was put into place by the defendant contractor Tamm's Pool Company (hereinafter Tamm), which had closed the Reids' pool for the winter. At an examination before trial, the plaintiff testified, inter alia, that the ground was covered with fallen leaves, which obscured the pool and cover. The Supreme Court granted the separate motions of the Reids and Tamm for summary judgment dismissing the complaint insofar as asserted against them. We modify.

On the record presented, the Reids failed to establish prima facie entitlement to judgment as a matter of law (see Trincere v County of Suffolk, 90 NY2d 976 [1997]; Piacquadio v Recine Realty Corp., 84 NY2d 967 [1994]; Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Smith v A.B.K. Apts., 284 AD2d 323 [2001]).

However, in opposition to Tamm's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that liability may be imposed against Tamm (see Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43 [1924]; Gee v City of New York, 304 AD2d 615 [2003]; Gonzalez v City of New York, 300 AD2d 626 [2002]; Rechlin v Allweather Contrs., 298 AD2d 907 [2002]). Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.