Powers v City of Geneva (2021 NY Slip Op 01684)





Powers v City of Geneva


2021 NY Slip Op 01684


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


1256 CA 20-00861

[*1]TODD POWERS AND LINDSAY POWERS, PLAINTIFFS-RESPONDENTS,
v
CITY OF GENEVA, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 






HANCOCK ESTABROOK, LLP, SYRACUSE (CHRISTINA M. VERONE JULIANO OF COUNSEL), FOR DEFENDANT-APPELLANT.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (BRADY J. O'MALLEY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Ontario County (Charles A. Schiano, Jr., J.), entered March 2, 2020. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion seeking dismissal of the negligence cause of action and the negligent concealment cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for personal injuries allegedly sustained by Todd Powers (plaintiff) from exposure to contaminants on a parcel of real property that plaintiffs purchased from the City of Geneva (defendant). Defendant appeals from an order that denied in part its motion for summary judgment dismissing the amended complaint against it.
For reasons stated in the decision and order at Supreme Court, we reject defendant's contention that the court erred in denying the motion with respect to the negligent misrepresentation cause of action. We note only that, contrary to defendant's repeated contention, plaintiffs' attorney did not concede that defendant owed no duty of care. Plaintiffs' attorney conceded at oral argument that there is "no statutory duty" under "the Real Property Law," but that concession applied to the duty to provide a "property condition disclosure statement" (§ 462), from which defendant is exempt (see
§ 463 [11]). Thus, the concession does not impact the common-law tort causes of action at issue on appeal, which do not arise from the Real Property Law.
We agree with defendant, however, that the court erred in denying the motion with respect to the negligent concealment cause of action, and we therefore modify the order accordingly. The " 'negligent concealment' cause of action is included in and duplicative of the[ ] negligent misrepresentation cause of action" (Basso v New York Univ., 2018 WL 2694430, *3 [SD NY, June 5, 2018, No. 16-CV-7295 (VN) (KNF)]; see generally Krobath v South Nassau Communities Hosp., 178 AD3d 807, 808 [2d Dept 2019]), and arose from the same facts, thus the court should have dismissed the negligent concealment cause of action on that ground (see generally Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d 1082, 1083 [2d Dept 2005], lv denied 6 NY3d 701 [2005]).
We also agree with defendant that the court erred in denying the motion with respect to the negligence cause of action, and we therefore further modify the order accordingly. That cause of action is based on allegations that plaintiff was injured due to a dangerous condition on [*2]the parcel of property that defendant sold to plaintiffs, i.e., chemical contamination, to which plaintiff was exposed after the sale. It is well settled that "[o]ne's liability in negligence for the condition of land ceases when the premises pass out of one's control before injury results. Such is the general rule" (Kilmer v White, 254 NY 64, 69 [1930]). Thus, under that general rule, defendant's liability for negligence based on a dangerous condition on the property ended when it sold the parcel to plaintiffs (see id.; Morris v Freudenheim, 273 AD2d 885, 885 [4th Dept 2000]), and "liability may be imposed upon defendant only if the allegedly dangerous condition . . . existed at the time [it] relinquished possession and control of the premises 'and the new owner has not had a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it is known' " (Morris, 273 AD2d at 885-886; see Bittrolff v Ho's Dev. Corp., 77 NY2d 896, 898 [1991]).
Here, defendant met its burden on the motion of establishing that any injury allegedly sustained by plaintiff was caused by exposure after defendant sold the property. In response, "plaintiff[s have] offered nothing to show that [they, as] the new owner[s,] did not have adequate time to discover and remedy such defects" (Bittrolff, 77 NY2d at 898; see generally Farragher v City of New York, 26 AD2d 494, 496 [1st Dept 1966], affd 21 NY2d 756 [1968]; Copp v Corning Glass Works, 114 AD2d 144, 147 [4th Dept 1986]).
In light of our determination, defendant's remaining contentions are academic.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court