Jack v Weiner (2021 NY Slip Op 06838)





Jack v Weiner


2021 NY Slip Op 06838


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-07250
 (Index No. 70693/14)

[*1]Bentley Jack, et al., plaintiffs-respondents,
v
Adam Weiner, et al., defendants-respondents, Donald R. Young, etc., appellant.


Melito & Adolfsen P.C., New York, NY (Louis G. Adolfsen and Steven I. Lewbel of counsel), for appellant.
Pazer Epstein Jaffe & Fein P.C., New York, NY (Jason Levine of counsel), for plaintiffs-respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendant Donald R. Young, as executor of the estate of Gertrude E. Young, appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated April 26, 2019. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs-respondents.
The relevant background facts are set forth in this Court's decision and order on a related appeal (see Jack v Weiner, ___ AD3d ___ [Appellate Division Docket No. 2018-04778; decided herewith]). Gertrude E. Young, the former owner of the house in which the accident occurred, died in September 2008. The defendant Donald R. Young, as executor of the estate of Gertrude E. Young (hereinafter the defendant), sold the house to the defendants Adam Weiner and Stephanie Kaplan in May 2009.
The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. As a general rule, liability for dangerous conditions on land does not extend to a prior owner of the premises (see Bittrolff v Ho's Dev. Corp., 77 NY2d 896, 898). However, liability may be imposed on the prior owner where a dangerous condition existed on the premises at the time of conveyance, the prior owner either knew about the condition or knew of facts or circumstances from which a reasonable person would conclude that such a condition existed and did not tell the new owner about it, and the condition was not known to or discoverable by the new owner through the use of reasonable care (see id. at 898; McCabe v Cohen, 294 NY 522; Kilmer v White, 254 NY 64, 70-72; see also Restatement [Second] of Torts § 353, Comment g).
Here, the defendant made no attempt to show that the alleged dangerous condition [*2]did not exist at the time of conveyance to the new owners, or that the defendant neither knew nor reasonably should have known about the condition's existence, or, conversely, that the defendant informed the new owners about the existence of the condition. Rather, the defendant attempted only to show that the alleged dangerous condition was discoverable by the new owners through the use of reasonable care, but his submissions failed to eliminate triable issues of fact. Accordingly, the defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him was properly denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the existence of triable issues of fact, we decline the plaintiffs' invitation to search the record and award them summary judgment against the defendant on the issue of liability.
CHAMBERS, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court