Dentico v Turner Constr. Co. & SBRA, Inc. (2022 NY Slip Op 04237)

Dentico v Turner Constr. Co. & SBRA, Inc.

2022 NY Slip Op 04237

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.

195 CA 21-00551

[*1]ALAN DENTICO AND LEANNE DENTICO, HIS WIFE, PLAINTIFFS-APPELLANTS,
v
TURNER CONSTRUCTION COMPANY AND SBRA, INC., FORMERLY KNOWN AS SHEPLEY BULFINCH, INC., DEFENDANTS-RESPONDENTS. 

GROSS SHUMAN, P.C., BUFFALO (SCOTT M. PHILBIN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
GOLDBERG SEGALLA LLP, SYRACUSE (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-RESPONDENT TURNER CONSTRUCTION COMPANY.
BYRNE & O'NEILL LLP, NEW YORK CITY (MICHAEL J. BYRNE OF COUNSEL), FOR DEFENDANT-RESPONDENT SBRA, INC., FORMERLY KNOWN AS SHEPLEY BULFINCH, INC.

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 16, 2021. The order, among other things, granted defendants' motions seeking leave to reargue and, upon reargument, granted in their entirety defendants' motions for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion for summary judgment of defendant SBRA, Inc., formerly known as Shepley Bulfinch, Inc., insofar as it sought dismissal of the first and fifth causes of action against it and reinstating those causes of action against that defendant, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Alan Dentico (plaintiff) when he fell while exiting a door at the hospital where he worked as a maintenance groundskeeper. There was a three-foot height differential from the floor from which plaintiff was exiting and the ground on the opposite side of the door. Defendant SBRA, Inc., formerly known as Shepley Bulfinch, Inc. (SBRA), was the architect who designed the hospital, including the three-foot elevation differential at the subject doorway. Defendant Turner Construction Company (Turner) was the construction manager for the construction of the hospital. SBRA and Turner separately moved for summary judgment dismissing the amended complaint against them. Supreme Court (Glownia, J.) granted their motions in part, dismissed the second through fourth causes of action against those defendants, and denied the motions with respect to the first and fifth causes of action, for negligence and loss of consortium. Plaintiffs appeal from an order of Supreme Court (Walker, A.J.) that, inter alia, granted the motions of Turner and SBRA for leave to reargue their motions for summary judgment with respect to the first and fifth causes of action and, upon reargument, granted defendants' motions for summary judgment insofar as they sought dismissal of those causes of action against them.
Initially, we conclude that the court properly granted the motions for leave to reargue on the ground that the court (Glownia, J.) misapprehended the facts and law in determining defendants' motions for summary judgment (see Smith v City of Buffalo, 122 AD3d 1419, 1420 [4th Dept 2014]; see generally CPLR 2221 [d] [2]).
We agree with plaintiff, however, that upon reargument the court (Walker, A.J.) erred in granting SBRA's motion for summary judgment insofar as it sought dismissal of the first and fifth causes of action against SBRA, and we therefore modify the order accordingly. With respect to those causes of action, on its motion for summary judgment SBRA had the initial burden of establishing that it "used the degree of care in design that a reasonably prudent architect would use to avoid an unreasonable risk of harm to anyone likely to be exposed to the danger" (Richards v Passarelli, 77 AD3d 905, 909 [2d Dept 2010]; see generally Schilling v Warwick Constr., 193 AD2d 594, 595 [2d Dept 1993]). Initially, we conclude that the court erred in determining that plaintiff was not an intended user of the area where the incident occurred and thus that SBRA had no duty to plaintiff with respect to the design of that area. The evidence established that plaintiff was an employee of the hospital who was using the door in its ordinary manner, i.e., to reach the location on the other side of the door while he was showing that location to a coworker. Moreover, the coworker's deposition testimony was submitted by SBRA in support of its motion and established that there was a three-foot differential to the floor upon exiting the door and there were no warning signs, no locks on the door, and no railings. Thus, we conclude that SBRA failed to establish as a matter of law that it had no duty to plaintiff (see generally Basso v Miller, 40 NY2d 233, 240-241 [1976]) or that it was not negligent in the design of the relevant portion of the building (cf. Richards, 77 AD3d at 909).
Contrary to plaintiff's contention, however, the court properly granted Turner's motion for summary judgment with respect to the first and fifth causes of action against it. A "builder or contractor is justified in relying upon the plans and specifications which he [or she] has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury" (Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46 [1924], rearg denied 239 NY 604 [1924]). Turner submitted evidence establishing that the doorway through which plaintiff fell was in a remote area of the hospital that was not easily accessible except to employees that worked in that area of the hospital. Thus, we conclude Turner was "justified in relying upon [SBRA's] plans and specifications" for that area of the hospital (id.), and plaintiff "failed to submit any evidence that the plans and specifications were blatantly defective and that [Turner] was, therefore, unjustified in relying upon them" (Pioli v Town of Kirkwood, 117 AD2d 954, 955 [3d Dept 1986], lv denied 68 NY2d 601 [1986]; see Peluso v ERM, 63 AD3d 1025, 1026 [2d Dept 2009]).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court