Kaplan v Menlo Realty Income Props. 28, LLC (2023 NY Slip Op 04048)

Kaplan v Menlo Realty Income Props. 28, LLC

2023 NY Slip Op 04048

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

502 CA 22-00391

[*1]DAVID KAPLAN AND LUELLA KAPLAN, PLAINTIFFS-APPELLANTS,
v
MENLO REALTY INCOME PROPERTIES 28, LLC, NOW KNOWN AS REALTY INCOME PROPERTIES 28, LLC, REALTY INCOME CORPORATION, DEFENDANTS-APPELLANTS, ALLIED BUILDERS, INC., BRUCE RONAYNE HAMILTON ARCHITECTS, INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (APPEAL NO. 1.) 

SEGAR & SCIORTINO PLLC, ROCHESTER (STEPHEN A. SEGAR OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
THE LAW OFFICES OF JORDAN DIPALMA PLLC, PALMYRA (L. DAMIEN COSTANZA OF COUNSEL), FOR DEFENDANT-RESPONDENT ALLIED BUILDERS, INC.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, NEW YORK CITY (PATRICK J. LAWLESS OF COUNSEL), FOR DEFENDANT-RESPONDENT BRUCE RONAYNE HAMILTON ARCHITECTS, INC. 

 Appeals from an order of the Supreme Court, Monroe County (Christopher S. Ciaccio, A.J.), entered December 7, 2021. The order granted the motions of defendants Bruce Ronayne Hamilton Architects, Inc. and Allied Builders, Inc. for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries allegedly sustained by David Kaplan (plaintiff) when, after obtaining supplies from the second-floor storage area of a drugstore where he worked as a pharmacist, he fell down the interior stairway leading to that storage area. Plaintiffs allege that plaintiff's fall was caused by the absence of non-slip or abrasive treads and nosings on the stairway. Plaintiffs sought to impose liability on the basis that defendant 9187 Group, LLC (9187 Group) was the owner of the property when the store was constructed approximately 10 years before the incident; defendant 10 Ellicott Square Court Corporation (Ellicott) was the property manager at that time; defendant Bruce Ronayne Hamilton Architects, Inc. (BRH) was the architectural firm that contracted with the drugstore to design the stairway; defendant Allied Builders, Inc. (Allied) was the contractor that constructed the stairway; and defendants Menlo Realty Income Properties 28, LLC, now known as Realty Income Properties 28, LLC, and Realty Income Corporation (collectively, Realty defendants) were the owners of the building at the time of the incident. In appeal No. 1, plaintiffs and the Realty defendants each appeal from an order that granted the respective motions of BRH and Allied for summary judgment dismissing the complaint and all cross-claims against them. In appeal No. 2, plaintiffs and the Realty defendants each appeal from an order that granted the motion of defendants 9187 Group and Ellicott for summary judgment dismissing the complaint and all cross-claims against them. We affirm in each appeal.
With respect to appeal No. 1, we reject the contentions of plaintiffs and the Realty defendants that Supreme Court (Ciaccio, A.J.) erred in granting BRH's motion insofar as it sought summary judgment dismissing the complaint against it. Inasmuch as "a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). In this case, any duty that BRH had with respect to the stairway on the subject property arose exclusively out of its contract with the drugstore to provide architectural design services (see Church v Callanan Indus., 99 NY2d 104, 111 [2002]). It is well settled, however, that " 'a contractual obligation, standing alone, will impose a duty only in favor of the promisee and intended third-party beneficiaries' " (Espinal, 98 NY2d at 140), and "will generally not give rise to tort liability in favor of a third party," i.e., a person who is not a party to the contract (id. at 138; see Church, 99 NY2d at 111). There are "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm' . . . ; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties . . . and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal, 98 NY2d at 140).
Here, there are no allegations in plaintiffs' pleadings that would establish the applicability of the second and third Espinal exceptions. Moreover, even assuming, arguendo, that plaintiffs' allegations in the pleadings are sufficient to require BRH to negate the possible applicability of the first Espinal exception in order to establish its prima facie entitlement to summary judgment (see Lingenfelter v Delevan Terrace Assoc., 149 AD3d 1522, 1523 [4th Dept 2017]), we conclude that BRH met its initial burden of establishing that it did not launch a force or instrument of harm by negligently creating or exacerbating a dangerous condition (see generally Espinal, 98 NY2d at 142-143). BRH submitted the affidavit of its senior vice president, who averred that the stairway design complied with all state and local regulations and that the provisions of the building code in effect at the time of the design and construction did not require treads or nosings to be slip resistant (see e.g. 2007 Bldg Code of NY St § 1009). The architect further averred that OSHA standards were separate from building code requirements and were not referenced or included as part of architectural drawings. More importantly, while a violation of OSHA regulations can, in some cases, be considered as some evidence of common-law negligence (see Landry v General Motors Corp., Cent. Foundry Div., 210 AD2d 898, 898 [4th Dept 1994]), it is well settled under New York law that, "[i]n the absence of evidence of a negligent application of floor wax or polish [or other substance], the mere fact that a smooth floor [including stairs] may be slippery does not support a cause of action to recover damages for negligence" (Flynn v Haddad, 109 AD3d 1209, 1209 [4th Dept 2013] [internal quotation marks omitted]; see Kline v Abraham, 178 NY 377, 379-381 [1904]; Wong v 15 Monroe Realty Inc., 194 AD3d 534, 534 [1st Dept 2021]; Kapoor v Randlett, 144 AD3d 984, 984-985 [2d Dept 2016]; Kociecki v EOP-Midtown Props., LLC, 66 AD3d 967, 967-968 [2d Dept 2009]). Plaintiffs' negligence claim here is not based on the presence of any substance on the stairway; rather, plaintiffs' theory of liability is premised on the absence of non-slip or abrasive treads and nosings on the stairway. Thus, as the court properly determined, the first Espinal exception does not apply because BRH's alleged failure to design the stairway with non-slip or abrasive treads and nosings results " 'merely in withholding a benefit . . . where inaction is at most a refusal to become an instrument for good' " (Church, 99 NY2d at 112).
Plaintiffs and the Realty defendants failed to raise an issue of fact whether BRH negligently created or exacerbated a dangerous condition (see Lingenfelter, 149 AD3d at 1523-1524; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to the substantive assertions of plaintiffs and the Realty defendants, the fact that the stairway was finished with a smooth surface such as a powder coating or paint does not, without more, establish a basis for liability sounding in negligence (see e.g. Flynn, 109 AD3d at 1209; Werner v Neary, 264 AD2d 731, 731 [2d Dept 1999]). Additionally, plaintiffs' reliance on 2007 Building Code of New York State § 1003.4 is misplaced because that section stated that "[w]alking surfaces of the means of egress shall have a slip-resistant surface and be securely attached" and the relevant definitional section defined the term "means of egress" as "[a] continuous and unobstructed path of vertical [or] horizontal egress travel from any occupied portion of a building or structure to a public way," i.e., "[a] street, alley or other parcel of land open to the outside air leading to a street" (2007 Building Code of NY St § 1002.1 [emphasis added]). Section 1003.4, [*2]as the court properly determined, is inapplicable here because it is undisputed that the subject surface consists of an interior stairway leading to a storage area, not to a public way. Contrary to the procedural assertion of plaintiffs and the Realty defendants that BRH's motion should have been denied as premature, we conclude that they "failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of [BRH]" and that "the [m]ere hope that somehow . . . plaintiff[s and the Realty defendants] will uncover evidence that will prove a case is insufficient for denial of the motion" (Chambers v Town of Shelby, 211 AD3d 1456, 1457 [4th Dept 2022] [internal quotation marks omitted]; see CPLR 3212 [f]).
We also reject the contentions of plaintiffs and the Realty defendants in appeal No. 1 that the court erred in granting Allied's motion insofar as it sought summary judgment dismissing the complaint against it. It has long been settled law that "[a] builder or contractor is justified in relying upon the plans and specifications which [the builder or contractor] has contracted to follow unless they are so apparently defective that an ordinary builder [or contractor] of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury" (Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46 [1924], rearg denied 239 NY 604 [1924]; see Dentico v Turner Constr. Co., 207 AD3d 1036, 1037 [4th Dept 2022]; Rechlin v Allweather Contrs., 298 AD2d 907, 907-908 [4th Dept 2002]).
Here, Allied met its initial burden through the submission of the affidavit of its vice president, the BRH design plans, and BRH's certification letter, which collectively established that Allied relied on the plans and specifications of BRH and constructed the stairway in compliance therewith (see Rechlin, 298 AD2d at 908). Allied further established that "those plans and specifications were not 'so patently defective' as to place [Allied] on notice that the project was potentially dangerous if completed according to the plans and specifications" (id.). In particular, Allied submitted the requisite provisions of the building code, which, as Allied's vice president opined, did not refer to the surfacing of treads and nosings with non-slip materials.
In opposition, plaintiffs and the Realty defendants "failed to submit any evidence that the plans and specifications were blatantly defective and that [Allied] was, therefore, unjustified in relying upon them" (Pioli v Town of Kirkwood, 117 AD2d 954, 955 [3d Dept 1986], lv denied 68 NY2d 601 [1986]; see Dentico, 207 AD3d at 1038; Rechlin, 298 AD2d at 908). Additionally, we conclude that plaintiffs and the Realty defendants have "presented no more than the mere hope that further [discovery] would disclose evidence essential to oppose the motion . . . , and thus they failed to demonstrate that the motion should have been denied on that basis" (Lowes v Anas, 195 AD3d 1579, 1580 [4th Dept 2021] [internal quotation marks omitted]; see CPLR 3212 [f]).
With respect to appeal No. 2, we reject the contentions of plaintiffs and the Realty defendants that Supreme Court (Valleriani, J.) erred in granting the motion of 9187 Group and Ellicott insofar as it sought summary judgment dismissing the complaint against them. It is well settled that, as a general rule, "[o]ne's liability in negligence for the condition of land ceases when the premises pass out of one's control before injury results" (Kilmer v White, 254 NY 64, 69 [1930]; see Powers v City of Geneva, 192 AD3d 1632, 1633 [4th Dept 2021]). Thus, under that general rule, the liability of 9187 Group and Ellicott for negligence based on a dangerous condition on the property ended when they relinquished control of the property (see Powers, 192 AD3d at 1633). Under these circumstances, liability may nevertheless be imposed upon 9187 Group and Ellicott "if the allegedly dangerous condition of the [stairway] existed at the time [they] relinquished possession and control of the premises 'and the new owner has not had a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it is known' " (Morris v Freudenheim, 273 AD2d 885, 885-886 [4th Dept 2000]). Here, even assuming, arguendo, that the condition of the stairway could constitute a dangerous condition, we conclude that 9187 Group and Ellicott established that the new owner had a reasonable time to discover any such condition and remedy it, given that 9187 Group and Ellicott relinquished control of the building nearly four years before plaintiff's fall (see generally id. at 886). Plaintiffs and the Realty defendants failed to raise a triable issue of fact in that regard (see id.). 9187 Group and Ellicott also established that the narrow exception applicable "when a former owner who is also acting as a construction contractor is alleged to have affirmatively created a dangerous condition" (Scheffield v Vestal Parkway Plaza, LLC, 139 AD3d 1161, 1163 [3d Dept 2016]) does not apply inasmuch as they had no involvement in the design or construction of the stairway, and plaintiffs and the Realty defendants failed to raise an issue of fact (see id. at 1163). [*3]In addition, we conclude that there is no basis upon which to conclude that the motion of 9187 Group and Ellicott should have been denied as premature (see CPLR 3212 [f]).
Finally, contrary to the Realty defendants' assertions in appeal Nos. 1 and 2, we conclude that the court properly granted the respective motions of BRH, Allied, and 9187 Group and Ellicott insofar as they sought summary judgment dismissing the Realty defendants' cross-claims against them (see Grove v Cornell Univ., 151 AD3d 1813, 1815-1816 [4th Dept 2017]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court