Quintero v MBH Capital, LLC
2026 NY Slip Op 03010
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Fernando Vasquez Quintero, respondent,
v
MBH Capital, LLC, et al., defendants, Federal Brick Management Group, LLC, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-01815, (Index No. 512159/23)
Angela G. Iannacci, J.P.
Lara J. Genovesi
Carl J. Landicino
Laurence L. Love, JJ.

O. Benjamin Okeke, Brooklyn, NY, for appellant.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Federal Brick Management Group, LLC, appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated December 22, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against it and for leave to enter a default judgment against the plaintiff on its counterclaim, and granted the plaintiff's cross-motion to deem its reply to the counterclaim served nunc pro tunc and for summary judgment dismissing the counterclaim.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendant Federal Brick Management Group, LLC, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof granting the plaintiff's cross-motion to deem its reply to the counterclaim served nunc pro tunc and for summary judgment dismissing the counterclaim, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2023, the plaintiff allegedly fell and sustained injuries while working on property located in Brooklyn that purportedly was owned and managed by the defendant Federal Brick Management Group, LLC (hereinafter Federal Brick). The plaintiff commenced this action against, among others, Federal Brick, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Federal Brick interposed an answer in which it asserted a counterclaim for sanctions, alleging that it did not own the property at the time of the alleged accident and that the causes of action against it were frivolous. The plaintiff failed to timely reply to the counterclaim. Federal Brick moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and for leave to enter a default judgment against the plaintiff on its counterclaim. The plaintiff cross-moved to deem its reply to Federal Brick's counterclaim served nunc pro tunc and for summary judgment dismissing the counterclaim. In an order dated December 22, 2023, the Supreme Court, among other things, denied those branches of Federal Brick's motion and granted the plaintiff's cross-motion. Federal Brick appeals.
"In cases where a worker at a job site is injured as a result of a dangerous or defective premises condition, a defendant moving for summary judgment must establish prima facie that it neither created the allegedly dangerous condition nor had actual or constructive notice of it" (Carey v Five Bros., Inc., 106 AD3d 938, 941). "As a general rule, liability for dangerous conditions on land does not extend to a prior owner of the premises" (Bittrolff v Ho's Dev. Corp., 77 NY2d 896, [*2]898). "A narrow exception exists, however, and liability may be imposed [on a prior owner] where a dangerous condition existed at the time of the conveyance and the new owner has not had a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it is known" (id.; see Mullen v Zoebe, Inc., 205 AD2d 597, 597).
Here, the Supreme Court properly denied those branches of Federal Brick's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it to the extent that they sounded in premises liability. In support of its motion, Federal Brick submitted an affidavit from its principal and managing member, who asserted that, at the time of the alleged incident, Federal Brick had sold the premises to the defendant MBH Capital, LLC, and no longer owned or operated the premises. However, that affidavit did not address whether the allegedly dangerous condition existed at the time of the conveyance and whether the new owner knew of the condition or had a reasonable time to discover and remedy it (see Larrier v Gateway Sherman, Inc., 60 AD3d 913; McKoy v Bagot, 245 AD2d 276). Thus, Federal Brick failed to establish, prima facie, that it could not be held liable for the allegedly dangerous premises condition as a former owner. Inasmuch as "Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" (Carey v Five Bros., Inc., 106 AD3d at 941), the court properly denied those branches of Federal Brick's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it to the extent that they sounded in premises liability.
However, the "narrow exception" that allows for premises liability to be extended to prior owners of property (Bittrolff v Ho's Dev. Corp., 77 NY2d at 898) does not apply to the statutory liability imposed by Labor Law §§ 240(1) and 241(6). Those statutes apply to certain construction-related activities (see Saint v Syracuse Supply Co., 25 NY3d 117, 124; Ricottone v PSEG Long Is., LLC, 221 AD3d 1032, 1034), rather than premises conditions for which a prior owner might remain responsible. Federal Brick established, prima facie, that it was not the owner of the property or the general contractor at the time of the alleged accident, and the plaintiff failed to raise a triable issue of fact in opposition. Thus, the Supreme Court should have granted those branches of Federal Brick's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it.
The Supreme Court also should have denied the plaintiff's cross-motion to deem its reply to the counterclaim served nunc pro tunc and for summary judgment dismissing the counterclaim. The plaintiff failed to vacate its default in replying to the counterclaim because he did not set forth a reasonable excuse for his delay (see GITSIT Solutions, LLC v Azcuy, 242 AD3d 956, 958; Triple E. Constr., Inc. v Green-Citi Mgt., Inc., 238 AD3d 1192, 1193). Because the plaintiff failed to vacate his default in replying to the counterclaim, the court should not have entertained the nonjurisdictional defense presented in his motion (see generally Newrez LLC v Jebco OGM Resources, 236 AD3d 1373, 1374; Bank of N.Y. Mellon Trust Co., N.A. v Lagasse, 224 AD3d 800). Additionally, the court should have denied the cross-motion because issue had not been joined on the counterclaim (see CPLR 3212[a]; Elias v Serota, 103 AD2d 410, 417).
However, the Supreme Court properly denied that branch of Federal Brick's motion which was for leave to enter a default judgment on its counterclaim for sanctions. "On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (Pantanilla v Yuson, 237 AD3d 1213, 1214 [internal quotation marks omitted]; see CPLR 3215[f]; Nationstar Mtge., LLC v Gross, 201 AD3d 942, 944). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable, since defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them. However, a court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action" (Barbetta v Facchini, 236 AD3d 623, 624-625 [internal quotation marks omitted]).
Here, the plaintiff does not dispute that he did not reply in a timely manner to Federal Brick's counterclaim for sanctions. However, the Supreme Court properly denied that branch of [*3]Federal Brick's motion which was for leave to enter a default judgment because Federal Brick did not meet its burden of stating a viable cause of action. "New York does not recognize an independent cause of action for the imposition of sanctions under either CPLR 8303-a or Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1" (Cerciello v Admiral Ins. Brokerage Corp., 90 AD3d 967, 968). Since Federal Brick brought its counterclaim pursuant to the Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1, no viable cause of action exists (see Cerciello v Admiral Ins. Brokerage Corp., 90 AD3d at 968), and that branch of the motion which was for leave to enter a default judgment was properly denied (see Barbetta v Facchini, 236 AD3d at 625).
Accordingly, we modify the order.
IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court